**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Cody M. Weston**, OSB No. 984290
CWeston@perkinscoie.com
**Nathan R. Morales**, OSB No. 145763
NMorales@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendant*
Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KRISTINE JOHNSON, JOHN DOE C., JOHN DOE J., JANE DOE K., and JOHN DOE S.**,<br><br>Plaintiffs,<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS**, a Utah corporation,<br><br>Defendant. | Case No. 6:20-cv-00190<br><br>Marion County Circuit Court<br>Case No. 20CV01249<br><br>**NOTICE OF REMOVAL**<br><br>JURY TRIAL REQUESTED |

TO:   The Judges and the Clerk of the United States District Court for the District of Oregon

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1441 and 1446, Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church")

1-   NOTICE OF REMOVAL

146886716.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

hereby removes the above-entitled action from the Marion County Circuit Court of Oregon to this Court. The Church respectfully states the following grounds for removal:

## STATE COURT ACTION

### Procedural Background

1. On January 3, 2020, Plaintiffs Kristine Johnson, John Doe C., John Doe J., Jane Doe K., and John Doe S. (collectively, "Plaintiffs"), filed suit against the Church in the Marion County Circuit Court for the State of Oregon, *Kristine Johnson, John Doe C., John Doe J., Jane Doe K., and John Doe S. v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and Successors, a Utah corporation*, Case No. 20CV01249.

2. A copy of the Complaint was served on the Church on January 7, 2020.

3. A copy of the Summons and Complaint and all other documents served on the Church are attached hereto as Exhibit 1.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days after service of the Complaint and less than 1 year from the commencement of the action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that the thirty-day removal period begins on service of summons and complaint).

### Summary of Allegations and Causes of Action

5. In their Complaint, Plaintiffs allege that they were injured because their husband and father was indicted, convicted, and sentenced to multiple years in prison for engaging in improper sexual contact with his minor daughter, after he confessed those acts to the Church and a church official reported them to state authorities. (Ex. 1, ¶¶ 17-30).

6. Plaintiffs assert three causes of action against the Church: (1) Interference with Prospective Economic Advantage, (2) Breach of Fiduciary Duty, and (3) Negligence. *Id.* at ¶¶ 21-30.

2- NOTICE OF REMOVAL
146886716.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## GROUNDS FOR REMOVAL

### Diversity Jurisdiction

7. This action is removable under 28 U.S.C. § 1446 because the Court has original diversity jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, there is complete diversity between the parties because the Church and Plaintiffs are citizens of different states, and no defendant properly joined and served is a citizen of Oregon. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b)(2).

8. The parties are citizens of different states for purposes of diversity jurisdiction. Plaintiffs are citizens and residents of the State of Oregon. (Ex. 1, ¶ 2). The Church is a corporation sole incorporated in the State of Utah, and is, therefore, a citizen of Utah under 28 U.S.C. § 1332(c)(1).

9. The amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint alleges that Plaintiffs sustained, and continue to suffer from, loss of companionship, society, love, affection, and pecuniary interests. (Ex. 1, ¶¶ 24, 27, 30). Additionally, the Complaint further alleges that those injuries resulted in the total amount of $9,540,000 in damages. *Id.* In the Complaint, Plaintiffs also expressly reserve the right to amend their complaint to reflect additional damages. The amount alleged in the Complaint, alone, far exceeds $75,000.

### Federal Question Jurisdiction

10. This action also is removable under 28 U.S.C. § 1446 because the Court has original jurisdiction under 28 U.S.C. § 1331. Plaintiffs' state-law claims necessarily raise a substantial federal issue under the United States Constitution. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (concluding that federal question jurisdiction exists if a state-law claim "necessarily raise[s] a stated federal issue, actually

3- NOTICE OF REMOVAL
146886716.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities").

11. The Complaint necessarily raises a substantial federal issue. The Complaint alleges that the Church's doctrine required Plaintiffs' husband and father to confess engaging in improper sexual conduct with his minor daughter to church clergy. (Ex. 1, ¶¶ 17-18). The Complaint further alleges that the Church's doctrine "required all clergy and members of the Church [confessional] Court to maintain strict confidence of such confessions." *Id.* at ¶ 17. The three state-law claims for relief in the Complaint allege that the Church caused Plaintiffs harm by failing to comply with the Church's doctrine of confidentiality and inform Plaintiffs that the Church would not comply with its doctrine of confidentiality. *Id.* at ¶¶ 23, 26, 29.

12. The state-law claims in the Complaint raise a substantial issue under the First Amendment to the United States Constitution. The First Amendment guarantees to churches the "power to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Presbyterian Church v. Hull Church*, 393 U.S. 440, 448 (1969). Whether the Church or its members violated any alleged church doctrines associated with confession and confidentiality, necessarily would require an inquiry into the meaning and scope of those religious tenets. Such an inquiry necessarily raises substantial First Amendment issues.

13. This Court has original federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' state-law claims in the Complaint necessarily raise a disputed and substantial federal issue.

## VENUE AND INTRA-DISTRICT ASSIGNMENT

14. Because the Complaint was filed and currently is pending in the Marion County Circuit Court of Oregon, this District is the proper venue for this action upon removal, pursuant to 28 U.S.C. § 1441(a). The Eugene Division is the proper intra-district assignment for this

4-   NOTICE OF REMOVAL

146886716.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

action upon removal because it is the division that embraces the county where the state court action is pending.  28 U.S.C. § 1446(a); LR 3-2.

## THE CHURCH HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

15. As required by 28 U.S.C. § 1446(a), the Church hereby provides this Court with copies of all process, pleadings, and orders it has received in this action (attached hereto as Exhibit 1).  The Church has not received any pleadings, process, or orders besides those attached.

16. As required by 28 U.S.C. § 1446(d), the Church will promptly give written notice of this filing to Plaintiffs and will file a copy of this notice with the Clerk of the Marion County Circuit Court of Oregon.  Additionally, the Church will promptly serve Plaintiffs with the civil case assignment sheet and scheduling order once this Court issues those documents.

17. This notice is signed pursuant to Fed. R. Civ. Pro. 11.

DATED:  February 3, 2020

**PERKINS COIE LLP**

By: */s/ Nathan Morales*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendant*
Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

5-  NOTICE OF REMOVAL
146886716.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL** on:

William D. Brandt, OSB No. 720366
494 State Street, Suite 300B
Salem, OR 97302
bill@brandtlawoffices.com

to be sent by the following indicated method or methods, on the date set forth below:

- [X] by **sending via the court's electronic filing system**
- [X] by **email**
- [X] by **mail**
- [ ] by **hand delivery**

DATED: February 3, 2020

**PERKINS COIE LLP**

By: */s/ Nathan Morales*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
Nathan R. Morales, OSB No. 145763
NMorales@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Defendant*
Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

PAGE 1- CERTIFICATE OF SERVICE
146886716.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222