William D. Brandt, OSB #720366
Attorney at Law
494 State Street, Suite 300 B
Salem, Oregon 97302
  Telephone: (503) 485-4168
  Facsimile: (503) 364-6735
  Email: Bill@BrandtLawOffices.com

 Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| KRISTINE JOHNSON, JOHN DOE C., JOHN DOE J., JANE DOE K., and JOHN DOE S.,<br><br>         Plaintiffs,<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a Utah corporation,<br><br>         Defendant. | Case No. 20CV01249<br><br>COMPLAINT (Interference With Prospective Economic Advantage; Breach of Fiduciary Duty; Negligence)<br><br>Prayer: $9,540,000<br>Filing fee statute: ORS 21.160(1)(d)<br>Mandatory arbitration: No |

1.

 COMES NOW plaintiffs, by and through their undersigned counsel, and bring this Complaint against the defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a Utah Corporation, and based upon information and belief available at the time of filing.

////

Page 1 - COMPLAINT

EXHIBIT 1
Page 1 of 12

## PARTIES, JURISDICTION AND VENUE

2.

At all times material and relevant herein, plaintiff Kristine Johnson was a citizen and resident of the State of Oregon. At all times material and relevant herein, plaintiffs John and Jane Does were citizens and residents of the State of Oregon and were persons who have been damaged as a result of the conduct of the defendant as alleged hereinafter.

3.

At all times material and relevant herein, plaintiff Kristine Johnson, along with her husband, Timothy Johnson, and their children, John and Jane Does, were members of the Church of Jesus Christ of Latter-Day Saints and Successors.

4.

Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS is a corporation duly organized and operating pursuant to the laws of the State of Utah (hereinafter "COP"). Defendant COP is a corporate organization that functionally operates and advertises itself to the public as The Church of Jesus Christ of Latter-Day Saints (hereinafter "The Church"). Defendant COP is registered with the Oregon Secretary of State as a Foreign Non-profit Corporation and operates church facilities within the State of Oregon. Its principal place of business is 50 E. North Temple, Floor 20, Salt Lake City, Utah, 84150.

## CORPORATE STRUCTURE RELEVANT TO ALL CLAIMS

5.

Defendant COP and the Church are headquartered in Salt Lake City, Utah and claim a

membership of over sixteen million worldwide. COP is a hierarchical, or top-down, corporate structure.

6.

Lay clergy run the Church at the local level. At the local level the Church divides its membership into "stakes," which usually consist of five to twelve congregations called "wards" or :branches." A "ward" is typically a congregation with 300 to 600 members.

7.

Each "ward" has a bishop who has authority over the members of the ward, and who operates in that role as an agent of COP. The Bishop is assisted by a First Counselor and Second Counselor, who are agents of COP.

8.

The Salem Stake includes the Stayton Ward. Plaintiff Kristine Johnson and John and Jane Does were and are members assigned by Defendant to the Stayton Ward and are now assigned to the Four Corners Ward. Plaintiffs abided by all of the tenants, regulations and precepts of the Church.

9.

Brian Saari, (hereinafter "Saari") was at all time material to the allegations in this complaint a "counselor" in the Stayton, Oregon Ward. All acts and statements attributed to Saari alleged in this complaint were undertaken within the course and scope of Saari's counseling and agency relationship he maintained with the Defendant, and were authorized, adopted or sanctioned by Defendant as part of Saari's actual, apparent or implied authority.

////

Page 3 - COMPLAINT

EXHIBIT 1
Page 3 of 12

10.

All acts and statements alleged in this complaint regarding the conduct of the church officials and the Stayton Ward were undertaken within the course and scope of the officials' administrative and agency relationships maintained with the defendant, and were authorized, adopted or sanctioned by defendant as part of the church officials' actual, apparent or implied authority.

11.

The Church lay clergy, including Ward bishops and counselors, who serve the Church's local congregations conduct confession sessions and spiritual counseling, which activities by the Church's clergy involve and implicate the priest-penitent privilege.

12.

Church scripture mandates confession: "Behold he who has repented of his sins, the same is forgiven, and I, the lord, remember them no more. By this ye may know if a man repenteth of his sins-behold, he will confess them and forsake them." Doctrine and Covenants 58:42-43.

13.

Other scripture admonishes church members to confess their "sins unto their brethren, and before the Lord." Doctrine and Covenants 59:12.

14.

Confessions occur during official church courts that convene at the ward and stake level to address the membership consequences of certain transgressions. Church written doctrine and historical practices direct local clergy and stake presidents to keep confession like

Page 4 - COMPLAINT

EXHIBIT 1
Page 4 of 12

communications confidential.

## NATURE OF WRONGDOING

15.

The Stayton Ward is a subdivision of the Salem, Oregon Stake which is a subdivision of and is wholly owned and operated by COP.

16.

Sometime in 2016, plaintiff Kristine Johnson learned that her husband, Timothy Johnson (hereinafter "Mr. Johnson"), had engaged in inappropriate conduct with his daughter, NJ, when she was underage. In response to that, plaintiff Kristine Johnson and Timothy Johnson followed the rules and scriptures of the Church, which rules and scriptures requires and admonish church members to "confess their sins unto the brethren before the Lord," Doctrine and Covenants 59:12.

17.

During 2016, Mr. Johnson was scheduled before the Stayton, Oregon Ward pursuant to the Church scripture set forth in Paragraphs 12 and 13 to "confess and repent his sins" before the Church clergy and official Church court as set forth in paragraph 14. Stake officials in their fiduciary capacities as a clergymen expressly represented to Mr. Johnson and plaintiff Kristine Johnson that:

    a.    Such confession and Repentance was dictated by the Church faith, and was necessary to spiritual health and to be in the presence of God;

    b.    That Church doctrine required all clergy and members of the Church Court to maintain strict confidence of such confessions, and

c. That whatever the scope of Mr. Johnson's evil transgressions, the Church and it's clergy will spiritually counsel Mr. Johnson to bring peace within his life and family.

18.

Pursuant to Church scripture and representations given to him, Mr. Johnson participated in the confession process and confessed, inter alia, to engaging in improper sexual contact with his minor daughter. Various Stake officials, including Mr. Saari, participated as members of the Church court, clergy and spiritual counselors.

19.

Defendant, acting through the Church leaders, failed to advise Timothy Johnson, Kristine Johnson or the family that if he followed Church scripture and guidance and confessed his sins, that they would report him to state authorities.

20.

Thereafter Mr. Saari without prior notice and in violation of the Church doctrines and representations set forth above, reported the contents of Mr. Johnson's confessions to state authorities resulting Mr. Johnson's felony indictment, conviction and sentencing of multiple years in prison.

FOR A FIRST CLAIM FOR RELIEF: INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, plaintiffs allege:

21.

Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if herein set forth.

////

22.

Defendant and its Clergy knew Plaintiffs because they were active members of the Salem Stake and Stayton Ward at the time of the events described in this complaint.

23.

Defendant knew or should have known that violating the doctrine of confidentially under the circumstances alleged in this complaint would most certainly injure Plaintiffs financially.

24.

As a direct and proximate result of the Defendants' wrongful acts and omissions as alleged herein and the resulting incarceration of Mr. Johnson, thereby depriving his wife and children of his companionship, society, love, affection and pecuniary interest in the following particulars:

    a.    Just, fair and reasonable compensation for loss of consortium, extreme emotional distress as well as pecuniary loss to Plaintiff Kristine Johnson in the amount of $5,500,000.00, which plaintiffs reserves the right to amend this complaint to reflect increases in income which Timothy Johnson would have reasonably expected due to his successful career as a sculptor;

    b.    Compensation to plaintiff Kristine Johnson in the amount of $40,000 to pay for the criminal defense of Timothy Johnson

    c.    Just, fair and reasonable compensation for loss of consortium, extreme emotional distress as well as pecuniary loss to Plaintiffs Jane and John Does in the amount of $1,000,000 each, for a total of $4,000,000, which plaintiffs John and Jane Does reserves the right to amend this complaint to reflect increases in income which Timothy Johnson would have reasonably expected due to his successful career as a sculptor.

FOR A SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY, plaintiffs allege:

25.

Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

26.

Defendant and its Clergy were in a special position of trust and in a special relationship with respect to Plaintiffs. Defendant breached its fiduciary duty by failing to disclose that despite the express doctrine of confidentially intended to assist the family through difficult times, that members of the clergy would in fact report that which was disclosed and "confessed" pursuant to mandated Church scripture.

27.

As a direct and proximate result of the defendants' wrongful acts and omissions as alleged herein and the resulting incarceration of Mr. Johnson, plaintiffs have been damaged as alleged in paragraph 24 herein, which paragraph is herein realleged.

FOR A THIRD CLAIM FOR RELIEF: NEGLIGENCE, plaintiffs allege:

28.

Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

29.

Defendant was negligent in the following particulars:

A. In failing to properly supervise Mr. Saari, who was a member of the church court

and clergy;

B.  In failing to properly train Mr. Saari with respect to his duties and obligations as a member of defendant's clergy.

30.

As a direct and proximate result of the defendant's negligence and the resulting incarceration of Mr. Johnson, plaintiffs have been damaged as alleged in paragraph 24 herein, which paragraph is herein realleged.

DEMAND FOR JURY TRIAL

31.

Plaintiffs demand a jury trial for all issues in this matter.

32.

Plaintiffs reserve the right to amend this Complaint if new claims arise as the facts develop.

WHEREFORE, plaintiffs pray for judgment as follows:

1.  Pursuant to plaintiffs' First Claim for Relief:

    A. Economic damages in the amount of $40,000.00.

    B. Non-economic damages to Kristine Johnson in the amount of $5,500,000.00.

    C. Non-economic damages to each of the John and Jane Doe plaintiffs Johnson in the amount of $1,00,000.00 each, for a total of $4,000,000.00.

    D. Plaintiffs' costs and disbursements incurred herein.

    E. Such other and further relief as this court deems just and equitable.

2.  Pursuant to plaintiffs' Second Claim for Relief:

Page 9 - COMPLAINT

EXHIBIT 1
Page 9 of 12

  A. Economic damages in the amount of $40,000.00.

  B. Non-economic damages to Kristine Johnson in the amount of $5,500,000.00.

  C. Non-economic damages to each of the John and Jane Doe plaintiffs Johnson in the amount of $1,000,000.00 each, for a total of $4,000,000.00.

  D. Plaintiffs' costs and disbursements incurred herein.

  E. Such other and further relief as this court deems just and equitable.

 3. Pursuant to plaintiffs' Third Claim for Relief:

  A. Economic damages in the amount of $40,000.00.

  B. Non-economic damages to Kristine Johnson in the amount of $5,500,000.00.

  C. Non-economic damages to each of the John and Jane Doe plaintiffs Johnson in the amount of $1,000,000.00 each, for a total of $4,000,000.00.

  D. Plaintiffs' costs and disbursements incurred herein.

  E. Such other and further relief as this court deems just and equitable.

 DATED January 3, 2019.

            s/ William D. Brandt

            _____
            William D. Brandt, OSB #720366
            Attorney for Plaintiffs

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| KRISTINE JOHNSON, JOHN DOE C., JOHN DOE J., JANE DOE K., and JOHN DOE S., <br><br> Plaintiffs, <br><br> v. <br><br> CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a Utah corporation, <br><br> Defendant. | Case No. 20CV01249 <br><br> **ACCEPTANCE OF SERVICE** |

STATE OF OREGON   )
                 ) ss.
County of Multnomah )

I, CODY M. WESTON, being first duly sworn, do depose and say:

That I am an attorney for Defendant in the above-entitled action. I hereby acknowledge acceptance of service of Summons and Complaint for Defendant effective January 7, 2020. By signing below, counsel for Defendant acknowledges such acceptance on the date specified. By accepting service,

PAGE 1- ACCEPTANCE OF SERVICE

76633-0012/LEGAL146886359.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

EXHIBIT 1
Page 11 of 12

1  Defendant does not waive any defense except a defense based on the effectiveness or regularity of
2  service of process.
3  DATED: January 10, 2020.

_____
Cody M. Weston

SUBSCRIBED AND SWORN to before me this 10th day of January, 2020.

*OFFICIAL STAMP*
*REBECCA ANN FLOCK*
*NOTARY PUBLIC – OREGON*
*COMMISSION NO. 977263*
*MY COMMISSION EXPIRES JULY 29, 2022*

NOTARY PUBLIC FOR OREGON
My Commission Expires: 7/29/2022

PAGE 2- ACCEPTANCE OF SERVICE

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

76633-0012/LEGAL146886359.1

EXHIBIT 1
Page 12 of 12