**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Cody M. Weston**, OSB No. 984290
CWeston@perkinscoie.com
**Nathan R. Morales**, OSB No. 145763
NMorales@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendant*
Corporation of the President of The Church of Jesus
Christ of Latter-day Saints

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KRISTINE JOHNSON, JOHN DOE C., JOHN DOE J., JANE DOE K., and JOHN DOE S.**, <br><br>  Plaintiffs, <br><br> v. <br><br> **CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS**, a Utah corporation, <br><br>  Defendant. | Case No. 6:20-cv-00190-MC <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

1-   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## I.     INTRODUCTION

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") has moved to dismiss all of Plaintiffs' claims on multiple, separate, and independent grounds. The Church has explained why Plaintiffs' claims are barred by Oregon's child-abuse reporting statute, the First Amendment to the United States Constitution, and the lack of any duty owing to Plaintiffs. Rather than squarely addressing these legal grounds for dismissal, Plaintiffs have engaged in an act of "hand waving" by shifting their legal theories and the facts to morph this case into something much different than alleged in their Complaint. As detailed below, Plaintiffs' attempts fail and this Court should dismiss Plaintiffs' claims with prejudice.

## II.     ARGUMENT

**A.     Plaintiffs' claims are barred because the Complaint makes clear that the Church had a subjective good-faith belief that abuse occurred, as required under Oregon's child-abuse reporting statute.**

The Church has explained that Oregon's child-abuse reporting statute protects it from liability. Specifically, because the Complaint makes clear that the Church had a subjective good-faith belief that child-abuse occurred, Or. Rev. Stat. § 419B.025 (the "Reporting Statute") provides immunity for reporting that abuse. In their response, Plaintiffs argue that the Court should deny the Church's motion under *Franson v. Radich*, 735 P.2d 632 (Or. App. 1987), "because the Church's 'good faith' does not 'appear on the face of the complaint.'" Response at Pg. 5 (quoting *Franson*, 735 P.2d at 636). Plaintiffs' novel interpretation of *Franson*, however, is misplaced.

In *Franson*, one of the plaintiffs gave birth to a baby with a severe birth defect. 735 P.2d at 633. On the advice of their doctors, the plaintiffs ultimately decided that extraordinary measures should not be taken to preserve the child's life. *Id.* Two days after the birth of the child, the defendants, two third-party right-to-life proponents, notified the State of Oregon Children's Services Division that the child was in the hospital and suffering neglect. *Id.* Later,

2- DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the plaintiffs sued the defendants for custodial interference, alleging that the defendants knew or should have known that, concerning their child, the plaintiffs had acted on the advice of their doctors and other qualified professionals. *Id.* at 635. In response, the defendants moved to dismiss, asserting the Reporting Statute as a defense. *Id.* On appeal, the Oregon Court of Appeals reversed the trial court's dismissal of the plaintiffs' claim. *Id.* at 636. In so doing, the Court of Appeals held that the Reporting Statute did not apply because the complaint did not contain facts establishing that the defendants had a good-faith basis for believing that child abuse had occurred. *Id.*

Before reaching that conclusion, however, the court surveyed the history of the Reporting Statute. The court noted that the statute "was enacted to meet the qualifications for federal funding of state child abuse and neglect programs." *Id.* The federal regulation concerning those qualifications required states to enact a statute providing immunity to "all persons reporting . . . instances of known or reasonably suspected *child abuse and neglect*." *Id.* (emphasis added). That regulation makes clear that it is the *existence of child abuse and neglect* that must be known or reasonably suspected in order for the state immunity statutes to apply. Accordingly, as applied to the Reporting Statute, immunity exists when a party has "good faith" and "reasonable grounds" to believe *in the existence of an instance of child abuse*. Unlike here, in *Franson* that did not exist on the face of the complaint. In that case, the complaint alleged that the defendants knew or should have known, prior to reporting the alleged neglect, that the plaintiffs had based the decisions about their baby on the advice of doctors. *Id.* at 635. That fact, alone, would have undercut the defendants' assertion that they had a good-faith belief that child abuse actually was occurring.

In contrast, here, the fact that the Church had a good-faith basis to believe that an instance of child abuse occurred exists on the face of Plaintiffs' complaint. Specifically, the Complaint alleges that Brian Saari was a counselor in the Church's Stayton Ward, and that all

3- DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

acts attributed to Saari were authorized by the Church. Complaint at ¶¶ 8-9, 15. The Complaint further alleges that, after learning that Mr. Johnson "had engaged in inappropriate conduct with his daughter," the Johnsons went to confession. *Id.* at ¶ 16. During that confession, the Complaint alleges, "Mr. Johnson . . . confessed, inter alia, to engaging in improper sexual contact with his minor daughter." *Id.* at ¶ 18. The Complaint alleges that Saari and other Church officials participated in that confession. *Id.* And then, immediately following the confession, Saari allegedly "reported the contents of Mr. Johnson's confessions to state authorities." *Id.* at ¶ 20. That reporting, unlike in *Franson*, was based entirely on information that came directly from Mr. Johnson: *He admitted to the Church that he had engaged in improper sexual conduct with a child*. Under the facts alleged by Plaintiffs, the Church indisputably had a good-faith belief that child abuse had occurred, as required under the Reporting Statute. And because that belief exists on the face of the Complaint, this Court should grant the Church's motion.

**B.     Because Plaintiffs allege the breach of a duty that exists pursuant only to Church doctrine, their claims are barred by the First Amendment.**

The Church has also explained that the First Amendment bars Plaintiffs' claims because, as pleaded in the Complaint, this case would require the Court to interpret and determine the appropriate application of Church doctrine. In an attempt to avoid the constitutional barrier that their Complaint has created, Plaintiffs argue that the First Amendment does not apply because the Church "lured" Mr. Johnson into confessing and then reported him to the police, which does not require an adjudication of Church doctrine. Response at Pg. 5. Plaintiffs, however, are wrong.

Paragraphs 16 through 20 of the Complaint, which Plaintiffs cite in support of their new "luring" theory, establish that the Church did nothing independent of its doctrine to allegedly "lure" the Johnsons into confession. In Paragraph 16, Plaintiffs allege that, after Mrs. Johnson learned that her husband had inappropriately touched their daughter, the Johnsons "followed *the rules and scriptures of the Church*," which allegedly required confession. Complaint at ¶ 16

4-   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(emphasis added).  Paragraph 17 alleges that the Church represented to Mr. and Mrs. Johnson that "*Church doctrine* required all clergy and members of the Church Court to maintain strict confidence of such confessions."  *Id.* at ¶ 17 (emphasis added).  In Paragraph 18, the Complaint alleges that "[p]ursuant *to scripture* and representations given to him," Mr. Johnson participated in confession.  *Id.* at ¶ 18 (emphasis added).  Then, in Paragraph 19, the Complaint alleges that the Church failed to advise Mr. Johnson that "if he followed *Church scripture and guidance* and confessed his sins, that they would report him to state authorities."  *Id.* at ¶ 19 (emphasis added).  Finally, Paragraph 20 of the Complaint alleges that the Church, "in violation of the *Church doctrines* and representations set forth above, reported the contents of Mr. Johnson's confessions to state authorities."  *Id.* at ¶ 20 (emphasis added).  Thus, the paragraphs that Plaintiffs rely on in their response establish that Church doctrine is inextricably intertwined with the factual and legal theories of this case.  Indeed, it is alleged violations of Church doctrine or practice that constitute the lack of good faith that Plaintiffs attempt to set forth in their response.

Various other allegations in the Complaint confirm that point.  For example, the Complaint alleges that "*Church scripture* mandates confession," and "*Church written doctrine* and historical practices direct local clergy and stake presidents to keep confession like communications confidential."  Complaint at ¶¶ 12-14 (emphases added).  And Plaintiffs' legal claims themselves each rely on a violation or specific application of Church doctrine.  *See id.* at ¶¶ 23, 26, 29 (basing their claims on violations of Church doctrine or failure to properly train as to Church doctrine).  Those facts make clear that, in order to impose liability on the Church under the Complaint, Plaintiffs first would have to prove some violation of Church doctrines, which necessarily requires the Court to interpret and apply those doctrines.  But, as detailed in the case law set forth in the Church's opening brief, the First Amendment prohibits such religious inquiries by the courts, and, therefore, this Court should dismiss Plaintiffs' claims.

5- DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**C.    Plaintiffs' loss-of-consortium claims are barred because the Complaint fails to allege facts establishing that the Church, as opposed to Mr. Johnson, caused Plaintiffs any harm.**

In an attempt to salvage their already failing claims, Plaintiffs next argue that, because they seek damages for loss of consortium, that somehow negates the fact that they are attempting to obtain a remedy for harm done to them by Mr. Johnson, not the Church. Regardless of how they frame the issue, however, Plaintiffs simply cannot succeed on the merits of their claims. That is primarily because, as the Complaint establishes, it is *Mr. Johnson's* decision to inappropriately touch his daughter that *caused* him to go to prison, not the Church's reporting of his confession. Stated differently, Plaintiffs cannot prove causation in this case. Under Oregon law, causation means "cause in fact," which "'generally requires evidence of a reasonable probability that, but for the defendant's negligence, the plaintiff would not have been harmed.'" *Cain v. Bovis Lend Lease, Inc.*, 817 F. Supp. 2d. 1251, 1279 (D. Or. 2011) (quoting *Joshi v. Providence Health Sys. of Oregon Corp.*, 108 P.3d 1195, 1197 (Or. App. 2005), *aff'd*, 149 P.3d 1164 (Or. 2006)).[1] Accordingly, here, to overcome the Church's motion, Plaintiffs needed to plead facts establishing a reasonable probability, that, but for the fact that the Church reported Mr. Johnson, he would not have gone to prison for inappropriately touching his daughter. But Plaintiffs have failed to do so.

Relying on the facts in the Complaint, the inference that Mr. Johnson would not have gone to prison but for the Church's reporting of his behavior is too speculative. The Ninth

---

[1] Oregon recognizes two circumstances where the "cause in fact" or "but for" test for causation does not apply, none of which exists here: when (1) "the acts of multiple tortfeasors combine to cause an indivisible injury" to the plaintiffs, and (2) "two causes concur to bring about a harmful result, and either one of them, operating alone, probably would have brought about the harm." *Joshi*, 108 P.3d at 1198. The first does not apply because Plaintiffs have not alleged that both Mr. Johnson and the Church acted tortiously to cause Plaintiffs an indivisible injury. And the second does not apply because, here, the Church's acts alone, without Mr. Johnson's inappropriate conduct towards his daughter (who is not a plaintiff in this case), would not have caused Plaintiffs the harm that they allege.

6-    DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Circuit has adopted the following framework for determining what constitutes a rational inference:

> "An inference is a process in which one proposition (a conclusion) is arrived at and affirmed on the basis of one or more other propositions, which were accepted as the starting point of the process. . . . It is a process where the thinker passes from one proposition to another that is connected with the former in some way. But for the passage to be valid, it must be made according to the laws of logic that permit a reasonable movement from one proposition to another. . . . The passage cannot be mere speculation, intuition or guessing."

*Popell v. City of San Diego*, 149 F.3d 951, 954 (9th Cir. 1998).  Under that framework, "'[t]he essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked.'"  *Id.* (quoting *Tose v. First Pa. Bank, N.A.*, 648 F.2d 879, 895 (3d Cir. 1981), *cert. denied*, 454 U.S. 893).

Here, the conclusion that Mr. Johnson would not have gone to prison but for the Church reporting him is not a rational inference, because that conclusion would require a factfinder to make too many intermediate inferences and assumptions, none of which logically follows from the facts in the Complaint.  Specifically, a factfinder would have to infer that (1) Mr. Johnson did not tell anyone other than the Church (and his wife) about his past inappropriate touching of his daughter, (2) Mr. Johnson would not have continued inappropriately touching his daughter (or any other minor) in a manner that would result in his arrest and conviction, (3) Mr. Johnson's daughter did not and would not have told anyone about her father inappropriately touching her, and (4) anyone else that found out about Mr. Johnson's inappropriate touching would not have reported that to the authorities.  On the facts alleged in the Complaint, however, those intermediate inferences represent speculation and guesswork.  Plaintiffs did not (and cannot) allege such facts in the Complaint, and the Court cannot supply them by speculating that such facts may exist.  Therefore, the Court should grant the Church's motion.

7- DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**D.      Plaintiffs' failed to respond to the Church's argument that only Mr. Johnson may sue for the breach of any alleged duty that the Church owed him.**

In addition to the arguments above, the Church also specifically argued that Plaintiffs' claims are "'not actionable in the absence of a duty of confidentiality or non-disclosure owed to the person who seeks to make the claim.'"  Motion at Pg. 6 (quoting *Doe v. Portland Health Centers, Inc.*, 782 P.2d 446, 448 (Or. App. 1989), *rev. dismissed*, 799 P.2d 150 (Or. 1990)).  That means that the Court must dismiss Plaintiffs' complaint because they have not alleged that the Church breached any duty to Plaintiffs, as opposed to Mr. Johnson.  In their response, Plaintiffs did not address that argument.  For that additional reason, the Court should grant the Church's motion.

### III.    CONCLUSION

For the foregoing reasons, the Church respectfully requests that the Court grant its motion and dismiss Plaintiffs' claims with prejudice.

DATED:  March 19, 2020               PERKINS COIE LLP


By: /s/ Nathan R. Morales
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Cody M. Weston, OSB No. 984290
    CWeston@perkinscoie.com
    Nathan R. Morales, OSB No. 145763
    NMorales@perkinscoie.com
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

Attorneys for Defendant
Corporation of the President of The Church of
Jesus Christ of Latter-day Saints

8-   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

147561530. 3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222